FILED
2021 Jun-11  AM 11:15
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BARRY J. KUGHN,                     )
                                    )
            Plaintiff,              )
                                    )
vs.                                 )        CIVIL ACTION NUMBER:
                                    )        CV-21-
                                    )        JURY DEMAND
                                    )
STONEMOR PARTNERS, L.P.,            )
                                    )
            Defendant.              )

# COMPLAINT

## I.  JURISDICTION

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(4), 2201 and 2202  and 42 U.S.C. §1981.  The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 §2000e *et seq.* and 42 U.S.C. §1981 providing for injunctive and other relief against race discrimination and retaliation in employment.

2.    The plaintiff filed his race discrimination and retaliation suit within 4 years of the discriminatory treatment.

## II.  PARTIES

3.    Plaintiff, Barry J. Kughn ("Kughn"), is a male Caucasian citizen of the

1

United States and a resident of the State of Alabama.  The plaintiff was employed by the defendant at its Jefferson County, Alabama location.

4.      Defendant, Stonemor Partners, L.P., is an entity subject to suit under 42 U.S.C. §1981.  The defendant does business in Jefferson County, Alabama.

## III.   FACTUAL ALLEGATIONS

5.      The plaintiff re-alleges and incorporates by reference paragraphs 1-4 with the same force and effect as if fully set out in specific detail hereinbelow.

6.      The plaintiff began his employment with the defendant in October 2010. Shortly after being hired, he was promoted to a managerial position.  Kughn performed his duties well in that position.

7.      In October 2018, Kughn began experiencing problems with a subordinate mortician, Jennifer Floyd ("Floyd").  Floyd is African-American.

8.      Floyd had performance problems and was insubordinate.  Kughn wrote Floyd up approximately 2 times and she was counseled by Kughn and District Manager Robert Shoemaker ("Shoemaker") on other occasions.  Floyd made claims of harassment and discrimination against Kughn

9.      Kughn reported to his supervisor, Shoemaker, that Floyd was harassing other employees because of their race.  Shoemaker instructed Kughn to counsel and discipline Floyd and to have the employees contact HR to complain about Floyd,

2

which they did.

10.    In the summer of 2019, Kughn was placed on a performance improvement plan by Shoemaker.  At the same time, Kughn had prepared a performance improvement plan for Floyd as instructed by Shoemaker.

11.    In July 2019, a Caucasian employee, James Johnson, reported to Kughn and Shoemaker that he was being harassed and discriminated against by Floyd and discussed filing discrimination and harassment charges against her.  Shoemaker requested that Johnson not file charges against Floyd, but rather to allow him and Kughn to handle the matter.  After this, Johnson also told Floyd that he was going to file EEOC charges against her because of the harassment and discrimination. As far as Kughn is as aware, Shoemaker never did anything to address the discrimination and harassment allegations against Floyd.

12.    Thereafter, in August 2019, Kughn was terminated by Shoemaker. Floyd remained working with the company.  The reason give to Kughn was his harassment of Floyd and the fact that employees were complaining to HR about Floyd.  The employees were complaining to HR about Floyd because Shoemaker told Kughn to have them make the complaints.

13.    Kughn was terminated and treated differently by the defendant because of his race and in retaliation for his protected activity of making complaints

regarding Floyd's discriminatory and harassing behavior.

14.    The defendant's proffered reasons for termination were pretext for race discrimination and retaliation.

15.    The plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, an injunctive and declaratory judgment is his only means of securing adequate relief.  The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

IV.    **CAUSES OF ACTION**

A.    **RACE DISCRIMINATION - TERMINATION**

16.    The plaintiff re-alleges and incorporates by reference paragraphs 1-15 above with the same force and effect as if fully set out in specific detail hereinbelow.

17.    The plaintiff was treated differently than similarly situated African-American employee, Jennifer Floyd, when he was terminated by the company.  Floyd engaged in conduct similar to or worse than what Plaintiff was accused of and was not terminated.

18.    This disparate treatment was because of plaintiff's race and was in violation of 42 U.S.C. §1981.

4

## B.   RETALIATION

19.     The plaintiff re-alleges and incorporates by reference paragraphs 1-18 above with the same force and effect as if fully set out in specific detail hereinbelow.

20.     After the plaintiff engaged in protected activity by making complaints about race discrimination and racial harassment to his supervisor, he was disciplined and subsequently discharged from his employment.

21.     This termination was in retaliation for his engagement in protected activity in violation of 42 U.S.C. §1981.

## IV.   **PRAYER FOR RELIEF**

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.     Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of the plaintiff as secured by 42 U.S.C. §1981.

2.     Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate 42 U.S.C. §1981.

3.     Enter an order requiring Defendant to make Plaintiff whole by awarding him the position he would have had occupied in the absence of race discrimination

5

and retaliation, back-pay (plus interest), front-pay, punitive and compensatory damages and/or nominal damages, declaratory and injunctive relief, and benefits.

4.      Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

Kevin W. Jent
Counsel for the Plaintiff

OF COUNSEL:

WIGGINS, CHILDS, PANTAZIS,
      FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

Kevin W. Jent

6

**DEFENDANT'S ADDRESSES:**

Stonemor Partners, LP
c/o Registered Agent
Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, Alabama 36104